# United States Court of Appeals

## For the First Circuit

No. 00-1901

AMERISTAR JET CHARTER, INC.,

Plaintiff,

v.

SIGNAL COMPOSITES, INC. d/b/a
SIGNAL AEROSPACE,

Defendant, Appellant.


GENERAL ELECTRIC AIRCRAFT ENGINES,
PAUL WHELAN, MARK DANCWICZ and DAVE COHEN,

Appellees.


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge]


Before
Lipez, Circuit Judge,
Bownes, Senior Circuit Judge,
and Stearns,* U.S. District Judge.


Jennifer A. Creedon, with whom Lawrence C. Ecoff, Zimmerman, Rosenfeld, Gersh & Leeds, LLP, Lawrence G. Cetrulo, and Cetrulo & Capone LLP were on brief, for Signal Composites, Inc. d/b/a Signal Aerospace, appellant.
Joseph L. Stanganelli, with whom Hale and Dorr LLP were on brief, for General Electric Aircraft Engines, Paul Whelan, Mark Dancwicz and Dave Cohen, appellees.

April 2, 2001

_____

*Of the District of Massachusetts, sitting by designation.

**BOWNES, <u>Senior Circuit Judge</u>.** The appellant argues that the district court erred when it granted the appellees' motion for a protective order quashing appellant's deposition subpoenas. Appellant claims that this decision was "plainly wrong and resulted in substantial prejudice to Appellant." We disagree, and for the reasons stated below, affirm the district court's ruling.

## I.   BACKGROUND

The appellant, Signal Composites, Inc. d/b/a Signal Aerospace ("Signal"), is a party to a civil action pending in the United States District Court, Northern District of Texas (<u>Ameristar Jet Charter, Inc.</u> v. <u>Signal Composites, Inc., et al.</u>, No. 3-98-CV-1360-M). In that action, the plaintiff, Ameristar Jet Charter, Inc. ("Ameristar"), seeks damages against Signal based upon several causes of action arising out of the alleged sale of counterfeit combustion liners,[1] including breach of warranty, fraud and conspiracy to defraud. The appellees are non-party movants General Electric Aircraft Engines ("GEAE") and its employees Paul Whelan, Mark Dancwicz and Dave Cohen.

A very brief factual history of the underlying action is necessary to understand how and why GEAE got involved in this

---

[1]    A combustion liner is part of an aircraft that must periodically be replaced.

case. Ameristar operates a jet charter service. A Texas partnership, 3-D Industries ("3D") purchased, on behalf of Ameristar, military combustion liners from Signal. Ameristar claims that the combustion liners were represented to be manufactured by GEAE, or an authorized GEAE vendor, as required by the Federal Aviation Administration ("FAA"). The premises of 3D was visited by the FAA and the Department of Transportation ("DOT"). The FAA and DOT obtained combustion liners, and sent them to GEAE for a team of employees to analyze and evaluate for authenticity. The team concluded that the liners differed in a number of ways from GEAE manufactured liners. Paul Whelan, Mark Dancwicz and David Cohen were some of the GEAE employees on the team.

In March, 1999, Ameristar subpoenaed GEAE pursuant to Federal Rule of Civil Procedure 30(b)(6).[2] GEAE presented two witnesses to testify on its behalf in depositions taken on April 8, 1999. The two witnesses deposed pursuant to Fed. R. Civ. P.

---

[2] Fed. R. Civ. P. 30(b)(6) provides, in pertinent part:

> A party may in the party's notice and in a subpoena name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . . .

30(b)(6) were Thomas Woo, GEAE's Mature Engines Program Quality Manager, who led the team of employees that analyzed the combustion liners; and Ronald Gould, another member of the team and Technical Leader for GEAE's Engine Systems Design and Integration Group. Counsel for Ameristar and Signal were present at the deposition.

Ameristar moved for partial summary judgment, and on March 27, 2000, Magistrate Judge Boyle issued her findings, conclusions and recommendations in favor of granting the motion. One year after the two GEAE depositions were taken, and after the magistrate judge issued her report, Signal moved on April 10, 2000, to extend the time to file its objections to Magistrate Judge Boyle's report. On April 10, 2000, Signal also served a Rule 30(b)(6) deposition subpoena on GEAE. On April 27, 2000, District Judge Lynn granted Signal's motion to extend the time within which it had to file objections, but stated that "none of the discovery set out in the motion will now be permitted." She referred any additional discovery requests to Magistrate Judge Boyle. On May 2, 2000, Signal subpoenaed depositions from GEAE employees Whelan, Dancwicz and Cohen. On May 16, 2000, Magistrate Judge Boyle denied "at this late juncture" Signal's request for additional discovery of GEAE and its employees.

Meanwhile, on May 10, 2000, GEAE and its employees moved, in the United States District Court for the District of Massachusetts,[3] for a protective order quashing the four subpoenas issued to them. Signal opposed that motion. On June 15, 2000, District Judge Lindsay granted GEAE's motion to quash the non-party subpoenas "both on the merits and because [the] discovery sought appears to be precluded by Judge Boyle's order of May 16, 2000." Signal now appeals Judge Lindsay's order, arguing that it was "plainly wrong and resulted in substantial prejudice to the Appellant."

## II. DISCUSSION

The hurdle which the appellant must overcome to prevail is high. As we have stated, "[t]he standard of review in discovery matters is not appellant-friendly." Faigan v. Kelly, 184 F.3d 67, 84 (1st Cir. 1999). "We will intervene in such matters only upon a clear showing of manifest injustice, that is, where the lower court's discovery order was plainly wrong and resulted in substantial prejudice to the aggrieved party." Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 186 (1st Cir. 1989). Signal cannot clear the hurdle; it has not demonstrated

---

[3] GEAE and its employees are located in Massachusetts and, therefore, the subpoenas were issued under the authority of the District Court of Massachusetts.

that the district court's order was plainly wrong or that the order resulted in substantial prejudice.

The Supreme Court has long recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. Hickman v. Taylor, 329 U.S. 495, 507 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment."); see also SEC v. Sargent, 229 F.3d 68, 80 (1st Cir. 2000) (quoting Hickman). There are, however, limitations on pre-trial discovery. Mack, 871 F.2d at 187 (discussing amendments made to the Federal Rules of Civil Procedure "to deal with the problem of over-discovery").

Federal Rule of Civil Procedure 26(b)(2) provides, in pertinent part, that discovery

> shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . .

Rule 26(c) provides for protective orders, issued by the district court, to limit or eliminate discovery sought. Upon a showing of "good cause" by the movant, a court "may make any order which justice requires to protect a party or person

from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c).

Further, Rule 45(c)(3)(A) gives the court the power to "quash or modify the subpoena if it . . . (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iv) subjects a person to undue burden."

At issue in this appeal are four deposition subpoenas issued on behalf of Signal to GEAE and its employees Whelan, Dancwicz and Cohen. GEAE had been subpoenaed by Ameristar in March of 1999 in the same case. We rule that the district court correctly granted the appellees' protective order to quash all four subpoenas. Our reasons follow.

First, it was not "plainly wrong" for the district court to quash the subpoena issued to GEAE pursuant to Rule 30(b)(6). Pursuant to Rule 30(a)(2)(B), "[a] party must obtain leave of court . . . if . . . the person to be examined already has been deposed in the case . . . ." Here, GEAE was previously deposed. On April 8, 1999, GEAE presented two witnesses--Thomas Woo and Ronald Gould--to testify on its behalf. Counsel for Signal was present. One year later and after Magistrate Judge Boyle's recommendation for partial summary judgment against it, Signal issued a Rule 30(b)(6) subpoena to GEAE. Because this

second Rule 30(b)(6) subpoena was issued to GEAE without leave of the court, it was invalid. Even assuming arguendo that Signal sought leave of the Texas District Court[4] to re-depose GEAE pursuant to Rule 30(b)(6), such request was denied by Magistrate Judge Boyle on May 16, 2000. For the foregoing reasons, it was not "plainly wrong" for Judge Lindsay to grant the protective order quashing the second Rule 30(b)(6) subpoena issued to GEAE.

We next turn to the three individual subpoenas issued to GEAE employees Whelan, Dancwicz and Cohen in May, 2000. The district court was not "plainly wrong" when it quashed the subpoenas issued to the three employees, and Signal has not shown that it was "substantially prejudiced" by the court's ruling.

Unsatisfied with the findings and recommendations of Magistrate Judge Boyle, Signal attempted to depose three other members of the GEAE team. This request was belated, duplicative and cumulative, and otherwise unduly burdensome to the appellees. Two GEAE representatives were already deposed, and

_____

[4]    Arguably, Signal requested additional discovery when it moved for an extension of time within which to file its objections to Magistrate Judge Boyle's findings and recommendations. We need not decide whether Signal actually requested leave of the court, as it was required to do pursuant to Rule 30(a)(2), because the result is the same.

Signal did not articulate any dissatisfaction with the testimony it received. Moreover, it did not seek additional testimony until after Magistrate Boyle issued her findings and recommendations a year later.

Signal presents no evidence that any new, relevant information will be obtained if it is permitted to take the depositions of the three GEAE employees. Signal merely has "hope" that the testimony of Whelan, Dancwicz or Cohen will contradict the testimony of the GEAE representatives already deposed. Counsel for Signal concedes, however, that it has no evidence that it will receive contradictory testimony. We will not allow Signal to go on a "fishing expedition," with the mere "hope" that it will obtain such information. See Mack, 871 F.2d at 187 (holding that a party may not "undertake wholly exploratory operations in the vague hope that something helpful will turn up.").

The district court has the discretion to limit discovery. The court may limit discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(i). Signal had an opportunity to question GEAE representatives and did so in March, 1999. See Fed. R. Civ. P.

26(b)(2)(ii). Signal has not shown that the information sought from Whelan, Dancwicz or Cohen would be anything but cumulative or duplicative. Therefore, it would be an "undue burden" on GEAE, a non-party, to permit such a "fishing expedition." Fed. R. Civ. P. 26(c) (a court "may make any order which justice requires to protect a party or person from . . . undue burden").

## III. CONCLUSION

For the aforementioned reasons, the district court was not "plainly wrong" when it granted the appellees' motion for a protective order to quash the four subpoenas and the appellant has not shown that it was "substantially prejudiced" by this order. The order of the district court is **<u>affirmed.</u>**